NOT FOR PUBLICATION                                                                                  (Doc. No. 6)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ANDREW S. MILLER, : | |
| : | |
| Plaintiff, : | |
| : | Civil No. 1:12-cv-01004 (RBK/JS) |
| v. : | |
| : | **OPINION** |
| DENNIS BUTLER, : | |
| : | |
| Defendant. : | |

**KUGLER**, United States District Judge:

This matter comes before the Court on the Motion of Dennis Butler ("Defendant") to dismiss the Complaint of Andrew Miller ("Plaintiff"). Because the Court finds that Plaintiff has alleged facts sufficient to state a plausible claim for relief, the Motion will be denied.

**I.   Background**

In 2005, Plaintiff, through his limited liability company, Miller Energy, entered into an agreement with Defendant to purchase and resell investments at a profit, forming Miller/Butler, LLC. At the time, Plaintiff's business was located in Denver, Colorado, and Defendant's business was located in Marlton, New Jersey.

In November of 2006, Defendant solicited a wire transfer of $168,658.54 from Plaintiff, ostensibly to purchase a portfolio of Citibank-originated home loans (the "Citi File"). Compl. ¶ 8. According to Plaintiff, Defendant represented that the Citi File would be profitable, either through the collection of the loans in the portfolio or through its resale. Compl. ¶ 9. Defendant was to match Plaintiff's contribution to buy the Citi File. Compl. ¶ 10. Plaintiff wired the money, at Defendant's request, to a Bank of America account in Marlton, New Jersey. Compl. ¶

12. Defendant told Plaintiff that he had in fact purchased the Citi File. Compl. ¶ 13. But Defendant, according to Plaintiff, either paid a lesser sum for the Citi File or never bought it at all, and thus retained Plaintiff's funds for himself. Compl. ¶ 14. Meanwhile, Defendant gave Plaintiff false reports about the status of the Citi File. Compl. ¶ 15. In April of 2011, Plaintiff requested a full accounting for Miller/Butler LLC. Defendant refused. Compl. ¶ 16.

Eventually, Plaintiff filed suit, alleging breach of contract, breach of implied covenant of good faith and fair dealing, breach of fiduciary duty, accounting, fraudulent concealment by a fiduciary, equitable fraud, conversion, constructive trust, and unjust enrichment. Defendant now moves to dismiss under Federal Rule of Civil Procedure 12(b)(6).

## II.   Motion to Dismiss

Under Rule 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Here, Defendant presents three arguments in favor of dismissal.

### A.  Statute of Limitations

First, Defendant argues that the Complaint is time-barred under Colorado law. See Col. Rev. Stat § 13-80-101 (three-year statute of limitations for contract actions). But Plaintiff aptly points out that New Jersey law may govern this action. The Complaint, accordingly, plausibly gives rise to an entitlement of relief.

It is true that the LLC Operating Agreement for Miller/Butler LLC notes that the Colorado Limited Liability Company Act along with "Colorado case law relating thereto shall be the controlling law for purposes of construing th[at] Agreement and shall be utilized . . . for

purposes of construing the terms and conditions" of the agreement.  Doc. 1-1 §2.1.  But the operating agreement notably does not contain a choice-of-law provision governing disputes. Furthermore, Plaintiff's claims are not premised on any direct breach of that operating agreement. Rather, Plaintiff's claims are based on the misrepresentations made by Defendant and his breaches of oral agreements and common-law and fiduciary duties.  So the mention of Colorado law in the operating agreement is not dispositive as to the law that governs this case.

So what law does govern?  Since this is a diversity action, this Court is obliged to apply the substantive law of the forum state—here, New Jersey—including the applicable choice-of-law principles.  See Robeson Indus. Corp v. Hartfort Accident and Indemnity Co., 178 F.3d 160, 164 (3d Cir. 1999).  New Jersey courts seek to apply the law of the state with the greatest interest in resolving the particular issue that was raised." Pfizer, Inc. v. Employers Ins. of Wausau, 712 A.2d 634, 637 (N.J. 1998).  So "New Jersey's choice of law test proceeds on an issue-by-issue basis." Woessner v. Air Liquide Inc., 242 F.3d 469, 472 (3d Cir. 2001) (citing Veazey v. Doremus, 510 A.2d 1187, 1189 (N.J. 1986)).  The analysis begins by determining whether a conflict exists between the laws of the interested states.  See id.  If no conflict exists, the court should apply the law of the forum state. RTC Mortg. Trust 1994 N-1 v. Fidelity Nat. Title Ins. Co., 58 F. Supp. 2d 503, 529 (D.N.J. 1999).

Here, Defendant seems to argue that all of the Plaintiff's claims are time-barred under Colorado's statute of limitations governing contract actions.  But both Colorado and New Jersey apply the rule that a cause of action does not accrue for the purposes of the statute of limitations until a complainant has actual notice of the claim or should have known of the claim through reasonable diligence.  See Col. Rev. Stat. § 13-80-108; Henry v. New Jersey Dep't of Human Servs., 9 A.3d 882, 891 (N.J. 2010).  Plaintiff has alleged that Defendant successfully hid his

fraud, and Plaintiff did not learn of this fraud until 2011 at the earliest.  Perhaps later in the litigation, the Defendant may show that the cause of action accrued earlier than 2011.  At this point, however, dismissal on a statute-of-limitations basis would be premature.

### B.  Proper Plaintiff

Secondly, Defendant argues that Mr. Miller is not the proper plaintiff since he was not a signatory to the LLC Operating Agreement.  Plaintiff has standing since the funds to purchase the Citi Fund were transferred by and from him, not Miller LLC.  Furthermore, Plaintiff represented to the Court that he will seek leave of court to amend his complaint to assert additional claims on behalf of Miller Energy LLC.  Based upon these representations, the Court will not dismiss the Complaint on these grounds.

### C.  Personal Jurisdiction

Finally, Defendant challenges this Court's exercise of personal jurisdiction over him.  According to Defendant, he has not maintained a business office in Marlton, New Jersey, for the past six years.

"The federal district courts in New Jersey may assert personal jurisdiction over a nonresident only to the extent authorized by state law." Boyd v. Arizona, 469 F. App'x 92, 97 (3d Cir. 2012).  "New Jersey's long-arm statute provides for jurisdiction coextensive with the due process requirements of the United States Constitution"—namely, "parties who have constitutionally sufficient minimum contacts with New Jersey are subject to suit there." Id. (citing Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93 (3d Cir. 2004) and J. McIntyre Mach., Ltd. V. Nicastro, 131 S. Ct. 2780 (2011)).  Specific jurisdiction, one form of "minimum contacts," exists "when the claim arises from or related to conduct purposely directed at the forum state." Kehm Oil Co. v. Texaco, Inc., 537 F.3d 290, 300 (3d Cir. 2000).

Here, Defendant instructed Plaintiff to wire over $160,000 to Defendant's account at a New Jersey bank. At the time, Defendant maintained a business office in New Jersey. These claims arise from that transaction and from the subsequent interactions between Plaintiff and Defendant. Plaintiff has proven Defendant's sufficient minimum contacts with New Jersey to warrant personal jurisdiction.

### III. Conclusion

Since Plaintiff has stated a plausible claim for relief, Defendant's motion to dismiss is hereby DENIED. An accompanying order shall issue today.

Date: 11/16/12                                                                          /s/Robert B. Kugler

                                                                      ROBERT B. KUGLER
                                                                      United States District Judge