IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| ANDREW S. MILLER, | : |
| Plaintiff, | : |
| v. | : Civil No. 1:12-cv-01004 (RBK/JS) |
| DENNIS BUTLER, | : **OPINION** |
| Defendant. | : |

**KUGLER**, United States District Judge:

This matter comes before the Court on the motion of Dennis Butler ("Defendant") for summary judgment. For the reasons expressed herein, Defendant's motion will be **DENIED**.

## I. BACKGROUND

In 2005, Andrew Miller ("Plaintiff"), through his limited liability company, Miller Energy, entered into an agreement with Defendant to purchase and resell investments at a profit, forming Miller/Butler, LLC. At the time, Plaintiff's business was located in Denver, Colorado, and Defendant's business was located in Marlton, New Jersey.

In November, 2006, Defendant solicited a wire transfer of $168,658.54 from Plaintiff, ostensibly to purchase a portfolio of Citibank-originated home loans (the "Citi File"). Sec. Am. Compl. ¶ 8. According to Plaintiff, Defendant represented that the Citi File would be profitable, either through the collection of the loans in the portfolio or through its resale. Id. ¶ 9. Plaintiff alleges that the parties agreed that his wire transfer was to represent half of the total capital needed to buy the Citi File, and that Defendant was to match Plaintiff's contribution and provide

the other half of the needed capital. Id. ¶ 10. Plaintiff wired the money, at Defendant's request, to a Bank of America account in Marlton, New Jersey. Id. ¶ 12. According to Plaintiff, Defendant told him that he had in fact purchased the Citi File for a total purchase price of $337,317.08. Id. ¶ 13. But Defendant, according to Plaintiff, either paid a lesser sum for the Citi File or never bought it at all, and thus retained some or all of Plaintiff's funds for himself. Id. ¶ 14. Meanwhile, Plaintiff alleges that Defendant gave him false reports about the status of the Citi File. Id. ¶ 15. In April, 2011, Plaintiff requested a full accounting for Miller/Butler LLC, which request Defendant failed to comply with. Id. ¶ 16.

Eventually, Plaintiff filed suit, alleging breach of contract, breach of implied covenant of good faith and fair dealing, breach of fiduciary duty, accounting, fraudulent concealment by a fiduciary, equitable fraud, conversion, constructive trust, and unjust enrichment. Pursuant to an Opinion and Order issued on November 16, 2012, this Court denied a motion filed by Defendant to dismiss the complaint, rejecting arguments by Defendant that the statute of limitations barred this suit, that Plaintiff lacked standing, and that the Court lacked personal jurisdiction over Defendant. See ECF Doc. No. 20.

## II.     LEGAL STANDARD

The court should grant a motion for summary judgment when the moving party "shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "material" to the dispute if it could alter the outcome, and a dispute of a material fact is "genuine" if "a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Matsushida Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party,

there is no 'genuine issue for trial.'") (quoting First Nat'l Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 289 (1968)).  In deciding whether there is any genuine issue for trial, the court is not to weigh evidence or decide issues of fact.  Anderson, 477 U.S. at 248.  Because fact and credibility determinations are for the jury, the non-moving party's evidence is to be believed and ambiguities construed in its favor.  Id. at 255; Matsushida, 475 U.S. at 587.

Although the movant bears the burden of demonstrating that there is no genuine issue of material fact, the non-movant likewise must present more than mere allegations or denials to successfully oppose summary judgment.  Anderson, 477 U.S. at 256.  The nonmoving party must at least present probative evidence from which the jury might return a verdict in his favor.  Id. at 257.  The movant is entitled to summary judgment where the non-moving party fails to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

### III. DISCUSSION

Defendant's only argument for summary judgment is that this Court should apply the Colorado statute of limitations, and that under the Colorado statute, Plaintiff's claims are time-barred.  See Col. Rev. Stat. § 13-80-101 (setting forth a three-year statute of limitations for contract actions, and for actions for fraud, breach of fiduciary duty, and conversion).  Defendant advances this argument because the operating agreement of Miller/Butler LLC refers to Colorado law.  Plaintiffs argue that the New Jersey general statute of limitations should apply, which authorizes commencement of an action within six years of accrual.  N.J.S.A. 2A:14-1.  Although this Court previously rejected Defendant's argument for dismissal of the case based upon the Colorado statute of limitations, the Court did not decide the question of which jurisdiction's

3

statute of limitations and substantive law applies. Instead, the Court observed that both Colorado and New Jersey law recognize the rule that a cause of action does not accrue until the complainant has actual notice of the claim or should have been aware of it through reasonable diligence. Because Plaintiff alleged facts indicating that under this so-called "discovery" rule, his cause of action did not accrue until 2011, the Court found that Plaintiff's complaint stated a claim. See ECF Doc. No. 20. Now, the Court determines that the Colorado statute of limitations does not apply at all in this case.

When jurisdiction is based upon diversity of citizenship, 28 U.S.C. § 1332, federal district courts must apply the choice-of-law principles of the forum state. Warriner v. Stanton, 475 F.3d 497, 499-500 (3d Cir. 2007). Because in this case, federal jurisdiction over Plaintiff's state law claims is grounded in diversity, this Court must apply the choice-of-law principles of the forum state of New Jersey to determine what body of law applies to the state law claims. In so doing, the Court must look to the decisions of the highest state court. Edwards v. HOVENSA, LLC, 497 F.3d 355, 361 (3d Cir. 2007).

New Jersey generally upholds choice-of-law clauses, so long as the clause "does not violate New Jersey's public policy." North Bergen Rex Transport, Inc. v. Trailer Leasing Co., 158 N.J. 561, 568-69 (1999) (internal citations omitted). Defendant takes the position that "[t]he contract specifically states that Colorado law shall apply to all issues arising under the contract." Def. Mot. Summ. J. at 7.[1] Section 2.1 of the contract between the parties provides under the "Definitions" subheading that:

---

[1] Because Defendant did not include page numbers on his brief in support of summary judgment, for the purposes of citation in this Opinion, the Court has designated the cover page of the brief as page 1, with all following pages numbered in sequential order.

4

> "Act" shall mean the Colorado Limited Liability Company Act . . . which in conjunction with Colorado case law relating thereto shall be the controlling law for purposes of this Agreement and shall be utilized in this or any other jurisdiction for purposes of construing the terms and conditions herein contained.

Certif. of Christine M. Pickel, Ex. D. (ECF Doc. No. 46).[2] The Court believes that Defendant over-reads this clause in suggesting that it is a broad choice-of-law clause that governs all disputes arising out of the contract.

The contract provision quoted above incorporates only the Colorado Limited Liability Company Act, and Colorado case law related to that Act. It does not purport to incorporate the entire body of Colorado law. Defendant does not argue that the Colorado Limited Liability Act or Colorado case law supplies the three-year statute of limitations that he seeks to apply. Rather, the three-year statutory bar comes from another Colorado statute, which is not incorporated into the Agreement. See Col. Rev. Stat § 13-80-101. Therefore, the Court finds that the contractual clause cited by Defendant does not implicate the entire body of Colorado law.

The agreement also limits the application of Colorado law to construing the terms and conditions of the contract. Further, the agreement notably does not contain a choice-of-law provision governing all disputes arising out of the agreement. Many of Plaintiff's claims are not premised upon a direct breach of the agreement. Rather, they are based on alleged misrepresentations made by Defendant and breaches of oral agreements and common-law and fiduciary duties. In fact, the only reference to any provision of the agreement that was allegedly violated in the Second Amended Complaint refers to Defendant's right to be provided with

---

[2] Currently pending before the Court is a separate motion for summary judgment filed by Plaintiff. See ECF Doc. No. 46. The certification here cited was submitted in connection with that motion.

business records upon request within five days. See Sec. Am. Compl. ¶ 17. Thus, the dispute between the parties is not related to the construction of the terms and conditions of the contract.

Most importantly, even if the Court were to interpret the clause that Defendant points to in the contract as a broad choice-of-law provision in favor of Colorado law, the clause would not call for application of the Colorado statute of limitations. Choice-of-law clauses relate to substantive law, and thus do not incorporate a statute of limitations, which is procedural. See Kramer v. Ciba-Geigy Corp., 371 N.J. Super. 580, 601 (App. Div. 2004) ("when parties have adopted an otherwise valid choice of law provision in an agreement, that provision will not govern when an issue is procedural"); Gatto v. Meridan Med. Assocs., Inc., Civ. No. 87-5076, 1989 WL 23125, at *4 (D.N.J. Feb. 9, 1989) ("such [choice-of-law] clauses generally do not contemplate application to statutes of limitation."); see also Woodling v. Garrett Corp., 813 F.2d 543, 551 (2d Cir. 1987) (citing Restatement (Second) of Conflict of Laws, § 187(3) & comment h). Therefore, the agreement between the parties does not implicate the Colorado statute of limitations codified at Col. Rev. Stat. § 13-80-101.

It is thus necessary to discuss New Jersey's choice-of-law approach to statutes of limitations in order to determine which statute of limitations applies. As with the determination as to substantive law, a district court applying state law is obligated to use New Jersey choice-of-law rules to determine which statute of limitations is applicable. Mack Trucks, Inc. v. Bendix-Westinghouse Auto. Air Brake Co., 372 F.2d 18, 20 (3d Cir. 1966). The statute of limitations is "ordinarily a matter of procedure . . . and is therefore, like other procedural attributes, controlled by the law of the forum rather than the law of the state whose law otherwise governs the cause of action." Heavner v. Uniroyal, Inc., 63 N.J. 130, 135 (1973). Therefore, although another state's substantive law might apply, the general rule in a New Jersey forum is that New Jersey's statute

of limitations will apply. Id. The exception would be when New Jersey has no substantial interest in the matter, in which case the statute of limitations of the foreign state applies. Pine v. Eli Lilly & Co., 201 N.J. Super 186, 191 (App. Div. 1985) (citing Heavner, 63 N.J. at 140-41).

Defendant does not suggest, and could not credibly suggest, that New Jersey has no substantial interest in this matter. Although Defendant lived in Delaware at the time of the filing of the complaint, he lived in New Jersey and operated his business in New Jersey at the time of the transaction at issue. See Sec. Am. Compl. ¶ 2. The funds were wired to Defendant's bank in New Jersey. See Certif. of Christine M. Pickel, Ex. H. Nothing in the record suggests that any alleged fraudulent conduct occurred in any other state. Thus, New Jersey's choice of law approach mandates application of New Jersey's statute of limitations. Because this suit relates to a transaction that occurred in November, 2006, and subsequent conduct related to that transaction, and suit was filed within six years of November, 2006, the Court finds that the statute of limitations does not operate to bar Plaintiff's claims.

## IV. CONCLUSION

Because, for the foregoing reasons, Defendant has failed to show that the claims in this matter are time-barred, his motion will be **DENIED**. An accompanying order shall issue.[3]

---

[3] Observing that Defendant's statement of material facts not in dispute is grossly inconsistent with the requirements of the Local Rules, the Court cautions Defendant to comply with the Local Rules when engaging in future motion practice in this District. Local Rule 56.1(a) instructs parties that the statement of undisputed material facts "shall not contain legal argument or conclusions of law." L. Civ. R. 56.1(a). Here, however, Defendant repeatedly violates this provision, as paragraphs 12 through 22 of his Rule 56.1 statement contain little aside from legal argument and conclusions of law. Further, the majority of Defendant's Rule 56.1 statement fails to comply with the requirement that it cite "to the affidavits and other documents submitted in support of the motion." L. Civ. R. 56.1(a). Courts in this district have not hesitated to deny a motion for summary judgment when the moving party violates Rule 56.1. See Owens v. American Hardware Mut. Ins. Co., Civ. No. 11-6663, 2012 WL 6761818, at *2-3 (D.N.J. Dec. 31, 2012). Here, the Court declines to rule on the motion on this basis, but directs Defendant to strictly comply with the Local Civil Rules in connection with future submissions to the Court.

Dated: 01/15/2014                                                            /s/ Robert B. Kugler
                                                                             ROBERT B. KUGLER
                                                                             United States District Judge