NOT FOR PUBLICATION                                                                          (Doc. No. 60)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| ANDREW S. MILLER, | |
| Plaintiff, | |
| v. | Civil No. 12-1004 (RBK/JS) |
| DENNIS BUTLER, | **OPINION** |
| Defendant. | |

**KUGLER**, United States District Judge:

This matter comes before the Court on the supplemental motion of Andrew S. Miller ("Plaintiff") for partial summary judgment on Counts III, V, and VI of Plaintiff's Second Amended Complaint. For the reasons expressed herein, Plaintiff's motion will be **GRANTED IN PART**.

### I.   BACKGROUND AND PROCEDURAL HISTORY

The background giving rise to this case was described in full in the Court's Opinion of February 14, 2014. See ECF Doc. No. 55. Because the parties are aware of the background of this case, the Court will only set forth the facts necessary to decide the instant motion. Plaintiff and Dennis Butler ("Defendant") formed a limited liability company, Miller/Butler LLC, in 2005. The purpose of Miller/Butler LLC was to purchase and resell investment portfolios at a profit. The parties entered into an LLC agreement that provided that Plaintiff and Defendant would each contribute one half of the investment amounts necessary for each transaction that

they chose to enter.  Throughout their business relationship, Defendant identified investments to pursue, while Plaintiff's role what that of an investor.

In November 2006, Defendant recommended that that the parties purchase a portfolio of Citibank-originated loans together (the "Citi File").  Defendant represented to Plaintiff that the purchase price of the portfolio would be $337,317.08, and he solicited a wire transfer of $168,658.54 from Plaintiff, which was to represent half of the purchase price.  Defendant also provided Plaintiff with a copy of an executed Purchase Agreement, indicating a sale of the Citi File to Miller/Butler LLC, with a purchase price of $337,318.31.  Defendant further represented to Plaintiff by email that the purchase was governed by the terms of the LLC agreement, and that he was going to invest an amount equal to Plaintiff's investment.  However, Defendant was only able to demonstrate in connection with this litigation that after receiving the $168,658.54 from Plaintiff, he transferred $128,836.86 of those funds from his bank account to an escrow account for the seller of the Citi File.  Although this was less than half of the purchase price that he represented to Plaintiff, Defendant was unable to produce any evidence that he ever paid the remainder of the purported purchase price.  Neither was he able to testify at his deposition as to any alternative explanation for the difference between the purchase price that he communicated to Plaintiff and the amount that he actually wired for the Citi File.  Although he speculated that he might have had a "trade credit" with the seller, he was unwilling to testify that that was actually the case, and he indicated that there was no documentation available to support the existence of any trade credit.

After the parties were unable to resell or collect on the majority of the Citi File, Plaintiff filed suit, asserting claims for breach of contract, breach of implied covenant of good faith and fair dealing, breach of fiduciary duty, accounting, fraudulent concealment by a fiduciary,

equitable fraud, conversion, constructive trust, and unjust enrichment. Pursuant to an Opinion and Order issued on November 16, 2012, this Court denied a motion filed by Defendant to dismiss the complaint, rejecting arguments by Defendant that the statute of limitations barred this suit, that Plaintiff lacked standing, and that the Court lacked personal jurisdiction over Defendant. See ECF Doc. No. 20. Pursuant to an Opinion and Order dated January 15, 2014, this Court denied a motion filed by Defendant for summary judgment based upon the assertion that Plaintiff's claims were time-barred by application of Colorado's statute of limitations. See ECF Doc. No. 51. Then, on February 14, 2014, the Court entered partial summary judgment as to liability for Plaintiff on his claim for breach of contract. The Court determined that rescission was the proper remedy, and awarded damages in the amount of $103,394.37. However, the Court found that an issue of material fact existed as to the remainder of the damages asserted by Plaintiff. He admits that he received some monies that purported to be investment returns on the Citi File, the parties disagreed as to how much money was returned to him as a result of his investment, and neither party produced clear evidence of the amount that flowed back to Plaintiff.

The Court did not reach Plaintiff's claims for fraud and breach of fiduciary duty, as those claims sought recovery of the same damages that were asserted in the breach of contract claim. However, Plaintiff has now moved for a supplemental order of summary judgment on these claims, indicating that a judgment on these causes of action would not be potentially dischargeable in bankruptcy, as would a judgment grounded in breach of contract.

## II.   LEGAL STANDARD

The court should grant a motion for summary judgment when the moving party "shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment

3

as a matter of law." Fed. R. Civ. P. 56(a).  An issue is "material" to the dispute if it could alter the outcome, and a dispute of a material fact is "genuine" if "a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'") (quoting First Nat'l Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 289 (1968)).  In deciding whether there is any genuine issue for trial, the court is not to weigh evidence or decide issues of fact. Anderson, 477 U.S. at 248.  Because fact and credibility determinations are for the jury, the non-moving party's evidence is to be believed and ambiguities construed in its favor.  Id. at 255; Matsushita, 475 U.S. at 587.

Although the movant bears the burden of demonstrating that there is no genuine issue of material fact, the non-movant likewise must present more than mere allegations or denials to successfully oppose summary judgment. Anderson, 477 U.S. at 256.  The nonmoving party must at least present probative evidence from which the jury might return a verdict in his favor. Id. at 257.  The movant is entitled to summary judgment where the non-moving party fails to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

## III. DISCUSSION

The Court initially notes that Defendant objects to the Court's consideration of Plaintiff's request for summary judgment on the fraud and fiduciary duty claims because he believes that doing so would be based upon whether Defendant may file for bankruptcy, and not based upon the merits of those claims.  See Def.'s Opp'n at 1.  However, these claims were not dismissed,

4

and if summary judgment is not granted, Plaintiff would have the right to a trial on these counts. Thus, summary judgment may be granted on these claims, if appropriate, pursuant to Federal Rule of Civil Procedure 56, just as judgment could be entered on these claims following a trial. For the following reasons, the Court's decision as to Plaintiff's instant motion is based upon the merits of the claims that would otherwise be tried, and not upon any potential bankruptcy filing by Defendant.

### A. Breach of Fiduciary Duty

A claim for breach of fiduciary duty, as asserted in Count III of the Second Amended Complaint, requires that a plaintiff show (1) the existence of a fiduciary duty, (2) a breach of that duty by the defendant, and (3) resulting damages. Rainbow Apparel, Inc. v. KCC Trading, Inc., Civ. No. 09-5319, 2010 WL 2179146, at *7 (D.N.J. May 26, 2010).[1] Unless the parties have contracted otherwise, a managing member of an LLC owes the fiduciary duties of loyalty and care to non-managing members. In re D'Amore, 472 B.R. 679, 689 (Bankr. D.N.J. 2012).

Under New Jersey law, a fiduciary relationship exists when one party is "under a duty to act for or give advice for the benefit of another on matters within the scope of their relationship." F.G. v. MacDonell, 150 N.J. 550, 563 (1997). "The relation of joint adventurers, like that of co-partners, is fiduciary, one of trust and confidence, calling for the utmost good faith, permitting of no secret advantages or benefits." Silverstein v. Last, 156 N.J. Super. 145, 152 (App. Div. 1978) (quoting Bowne v. Windsor, 106 N.J. Eq. 415, 416 (Ch. Div. 1930)).

---

[1] For the reasons set forth in the Court's prior Opinions in this matter, the Court applies New Jersey law as to the elements of the tort claims discussed herein. Although Defendant has previously asserted that Colorado law should apply to this diversity case, it appears that this was primarily motivated by his belief that application of Colorado law would have resulted in some or all of Plaintiff's claims being time-barred. This was discussed in the Court's Opinion of January 15, 2014. See ECF Doc. No. 51. Although he has had the opportunity to do so, Defendant has never suggested that any conflict of law exists in connection with the substantive law that applies to the tort claims, or that he could defeat summary judgment on the merits with respect to any of the claims at issue if the Court applied the law of some other jurisdiction.

Here, Defendant was the managing member of the LLC that he jointly created with Plaintiff, and thus Plaintiff has satified the first element of this claim. Pl.'s Statement of Undisputed Material Facts ¶ 9.[2] Second, Defendant breached the duty of loyalty to Plaintiff by failing to disclose the true amount that he paid for what was advertised as a joint investment with both LLC members investing equal amounts, and by failing to disclose that he had actually invested none of his own capital. He therefore obtained the "secret advantage" of investing only the capital of his fellow LLC member in what was represented to Plaintiff as a joint undertaking of risk. Silverstein, 156 N.J. Super. at 152; see also Ruse v. Bleeke, 914 N.E. 2d 1, 10-11 (Ind. Ct. App. 2009) (Indiana appeals court holding that a defendant breached a fiduciary duty to his partner where he misrepresented the costs of investing in a business venture and failed to follow through on a representation that he was going to contribute to working capital in an amount equal to the $6,000 he solicited from his partner for working capital). As discussed in the Court's prior Opinion, Defendant's speculation that he may have been entitled to a trade credit does not create an issue of material fact as to the amount that he actually paid to purchase the Citi File.

Finally, Plaintiff has shown damages as a result of Defendant's breach of duty. He did not recover his original investment, and paid more for the Citi File than he would have had he only been responsible for half of the actual purchase price. The topic of damages is covered in more detail in the Court's previous Opinion. Because Defendant has not demonstrated the

---

[2] The LLC Agreement entered into by the parties does not designate a managing member. However, during their business relationship, Defendant served in a managerial role, while Plaintiff's role was that of an investor. Pl.'s Statement of Undisputed Material Facts ¶ 9. The Purchase Agreement for the Citi File was also signed by Defendant as "Managing Partner" of "Butler Miller LLC." Id. ¶ 39. Further, Defendant has had the opportunity to argue that he was not a managing partner in connection with Plaintiff's original motion for summary judgment and the instant motion, but he has not advanced any such argument. See also Kafrissen v. Kotlikoff, Civ. No. 08-2326, 2011 WL 240154, at *2 (E.D. Pa. Jan 25, 2011) (indicating that "there is a fiduciary duty between partners and joint-adventurers, especially when one assumes a managerial role").

existence of a genuine disputed material fact in connection with any of the three elements of breach of fiduciary duty, the Court will enter summary judgment for Plaintiff on Count III.

### B. Equitable Fraud

In Count VI of his Second Amended Complaint, Plaintiff asserts a claim for equitable fraud. The tort of equitable fraud has three elements. First, a plaintiff must demonstrate a material misrepresentation of a presently existing or past fact. Slim CD, Inc. v. Heartland Payment Sys., Inc., Civ. No. 06-2256, 2007 WL 2459349, at *10 (D.N.J. Aug. 24, 2007) (citing Jewish Ctr. of Sussex Cnty. v. Whale, 86 N.J. 619, 624 (1981)). Second, the maker of the misrepresentation must intend that the other party rely on it. Id. Third, the plaintiff must detrimentally rely on the misrepresentation. Id. Further, "[s]ilence in the face of an obligation to disclose amounts to equitable fraud." Bonnco Petrol, Inc. v. Epstein, 115 N.J. 599, 610 (1989).

Here, the Court cannot grant summary judgment on the equitable fraud claim, as Plaintiff has not shown that there is no dispute of material fact as to the first element. Plaintiff has not shown that Defendant misrepresented a presently existing or past fact when he conveyed the purported price of the Citi File to Plaintiff. Plaintiff is correct in arguing that a false representation regarding a party's investment contribution satisfies the first element of equitable fraud. As Plaintiff observes, the Third Circuit has held that where a defendant induced a $5,000 in a venture by misrepresenting that he had made an equivalent investment, the defendant had committed equitable fraud. Taylor v. Bourne-Vanneck, 328 F.2d 697, 698 (3d Cir. 1964).

Here, however, Plaintiff has not shown that at the time when Defendant made a representation to Plaintiff about the purchase price, he knew that he would obtain the Citi File for less than he represented to Plaintiff, or knew that he would not invest any of his own money. Defendant provided a purchase agreement to Plaintiff stating a purchase price of $337,318.31,

and Plaintiff has not made any showing that the purchase agreement was procured by fraud or was counterfeit.  In fact, Plaintiff himself has suggested that Defendant later took the opportunity to negotiate a new lower purchase price, after the purchase agreement became void.  Pl.'s Mot. Summ. J. at 11 (ECF Doc. No. 46).  Drawing all inferences in Defendant's favor, as the Court must at this stage, Defendant might have intended to purchase the Citi File for the stated price and pay half of the cost at the time he made the representation to Plaintiff.  The fact that he later failed to do so would not alone satisfy the requirement that he misrepresented a presently existing or past fact at the time when he solicited a wire transfer from Plaintiff.

      **C.  Fraudulent Concealment by a Fiduciary**

Count V of the Second Amended complaint asserts a claim for fraudulent concealment by a fiduciary.  This tort arises when a defendant who was in a fiduciary capacity is "silent in the face of an obligation to disclose certain facts, instead of an affirmative misrepresentation." Alexander v. CIGNA Corp., 991 F. Supp. 427, 435, n.14 (D.N.J. 1998).  A fiduciary has an obligation to disclose material facts.  Arcand v. Brother Int'l Corp., 673 F.Supp.2d 282, 305 (D.N.J. 2009).  The relevant section of the Restatement (Second) of Torts requires that one party to a business transaction must disclose "matters known to him that the other is entitled to know because of a fiduciary [relationship] between them."  Restatement (Second) of Torts § 551 (1977).  It also requires disclosure of "facts basic to the transaction, if he knows that the other [party] is about to enter into it under a mistake as to them," and the other party "would reasonably expect a disclosure of those facts."  Id.  The disclosure must be made before consummation of the transaction.  Id.  New Jersey Courts have cited § 551 of the Restatement favorably.  See Strawn v. Canuso, 271 N.J. Super 88, 102 (App. Div. 1994); Schillaci v. First Fidelity Bank, 311 N.J. Super. 396, 404 (App. Div. 1998).

Here, the elements of fraudulent concealment by a fiduciary are clearly met. First, Defendant was in a fiduciary capacity with respect to Plaintiff, as explained in the section of this Opinion on breach of fiduciary duty. Second, Defendant was silent in the face of the obligation to state the true purchase price of the investment in the Citi File. The final purchase price of a joint investment is certainly a fact "basic to the transaction" and one that Plaintiff would reasonably expect to be disclosed. Restatement (Second) of Torts § 551. This is especially so here, where Defendant previously conveyed a different, higher purchase price, and solicited an investment from Plaintiff based upon that amount. Thus, Defendant knew, at the time that he wired the funds for acquisition of the Citi File, that Plaintiff had entered the transaction under an incorrect belief about both the purchase price of the investment, and about Defendant's own contribution or lack thereof. As explained previously, there is no dispute of material fact based upon Defendant's mere speculation that a trade credit might have existed. The Court will therefore enter summary judgment for Plaintiff on Count V.

### D.  Damages

Based upon a finding of material breach, the Court previously found that rescission of the contract between the parties was appropriate, and entered partial summary judgment as to damages on that basis. Because rescission is also an appropriate remedy in a breach of fiduciary duty or fraud claim, the amount of damages will be unchanged from the previous Order. See Notch View Assocs. v. Smith, 260 N.J. Super. 190, 197-98 (App. Div. 1992) (observing that rescission is an appropriate remedy in cases of fraud or breach of fiduciary duty).

### IV.   CONCLUSION

For the foregoing reasons, Plaintiff's supplemental motion for partial summary judgment will be **GRANTED IN PART**.  An Amended Order will enter, granting summary judgment on Plaintiff's claims for breach of fiduciary duty and fraudulent concealment by a fiduciary.


Dated:  4/30/2014                                              /s/ Robert B. Kugler
                                                               ROBERT B. KUGLER
                                                               United States District Judge